UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN DOYLE,<br><br>          Plaintiff,<br><br>  -against-<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY, ITS CURRENT AND/FORMER EMPLOYEES, AS WELL AS INDIVIDUALS USING TECHNOLOGY DEVELOPED AT THIS INSTITUTE, INCLUDING BUT NOT LIMITED TO DINA KATABI; ERAN BEN JOSEPH; PHILLIP CLAY; J. PHILLIP THOMPSON; AND JAMES BUCKLEY,<br><br>          Defendants. | 20-CV-7997 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN MCMAHON, Chief United States District Judge:

  Plaintiff Brian Doyle brings this action alleging that Defendant violated his rights. By order dated September 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to invoke the Court's federal question jurisdiction, he writes the following (in the section in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "Due Process, Religious Liberty, Privacy, deprivation of life and liberty, fraud, harassment, and torture[.]" (ECF No. 2 at 2.)[1] Where asked to list the place(s) of occurrence, Plaintiff writes "MA, VT, NY, ME, WA, AK" and where asked to state the date(s) of occurrence, he writes "Approximately from 2014 until 2020." (*Id.* at 5.)

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

2

Plaintiff alleges the following:

> Employees and or people claiming to do research at the Massachusetts Institute of Technology have been using computers, and computer chips to torture, threaten, and harass me for a number of years. They claim to have created technology which can manipulate people's thoughts (while either awake or asleep). They have repeatedly threatened my [sic] and have been involved in creating nightmares involving sounds and images which are evil and disturbing.

(*Id.*)

In the section asking Plaintiff to describe his injuries, Plaintiff writes "Spiritual harm, mental harm, physical harm, as well as harm associated with disruption to my life." (*Id.* at 6.) Plaintiff seeks "[i]njunctive relief to prevent the use of any an all technology which they are using to torture me." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 29, 2020
         New York, New York

                                        _____
                                        COLLEEN McMAHON
                                        Chief United States District Judge